# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO.  03-24-00762-CV

**J. A. R., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

### FROM THE 340TH DISTRICT COURT OF TOM GREEN COUNTY
### NO. C230046CPS, THE HONORABLE ELIZABETH WATKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J.A.R. appeals from the trial court's final decree terminating his parental rights to his child.  *See* Tex. Fam. Code § 161.001.  Following a bench trial, the trial court found by clear and convincing evidence that several statutory grounds existed for terminating J.A.R.'s parental rights and that termination of those rights was in the child's best interest.  *See id.* § 161.001(b)(1)(E), (Q), (2).

On appeal, J.A.R.'s court-appointed attorney has filed an *Anders* brief concluding that his appeal is frivolous and without merit.  *See Anders v. California*, 386 U.S. 738, 744 (1967); *In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam) (approving use of *Anders* procedure in appeal from termination of parental rights).  The brief meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds to be advanced on appeal.  *See* 386 U.S. at 744; *Taylor v. Texas Dep't of*

*Protective & Regulatory Servs.,* 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied). J.A.R.'s counsel has certified to this Court that he has provided J.A.R. a copy of the brief, a copy of the motion to withdraw, a pro se motion for access to the appellate record, and a letter explaining J.A.R.'s rights and how to request the record. To date, J.A.R. has not filed a pro se brief. The Department of Family and Protective Services has a filed a response, stating that it will not file a brief unless requested by this Court.

Upon receiving an *Anders* brief, we must conduct a full examination of the record to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Taylor*, 160 S.W.3d at 647. We have conducted an independent review of the entire record, including the *Anders* brief submitted on J.A.R.'s behalf, and have found nothing in the record that might arguably support an appeal. Our review included the trial court's endangerment finding under part (E) of Section 161.001(b)(1) of the Family Code, and we have found no nonfrivolous issues that could be raised on appeal with respect to that finding. *See In re N.G.*, 577 S.W.3d 230 237 (Tex. 2019). We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's final decree terminating J.A.R.'s parental rights. We deny counsel's motion to withdraw.[1]

---

[1] *See In re P.M.*, 520 S.W.3d 24 (Tex. 2016) (per curiam). In *In re P.M.*, the Texas Supreme Court held that the right to counsel in suits seeking the termination of parental rights extends "to all proceedings in [the Texas Supreme Court], including the filing of a petition for review." *Id.* at 27. Accordingly, counsel's obligation to J.A.R. has not yet been discharged. *See id.* If J.A.R. after consulting with counsel, desires to file a petition for review, counsel should timely file with the Texas Supreme Court "a petition for review that satisfies the standards for an *Anders* brief." *See id.* at 27-28.

_____

Chari L. Kelly, Justice

Before Chief Justice Byrne, Justices Kelly and Ellis

Affirmed

Filed: March 14, 2025